**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2013

Lyle W. Cayce
Clerk

No. 12-50941
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALVAREZ-MORA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-187-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Alvarez-Mora appeals the sentence imposed for his guilty plea conviction for illegal reentry. He was sentenced to 70 months of imprisonment and three years of supervised release.

In his first claim of error, he contends that the district court erred in enhancing his sentence for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his California conviction for assault with a deadly weapon. We need not determine whether Alvarez-Mora preserved this claim of error and whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the state court documents he relies on are of the type approved in *Shepard v. United States*, 544 U.S. 13, 16 (2005), because this claim of error is patently without merit. Alvarez-Mora mistakenly contends that his prior conviction is not a "crime of violence" as defined by § 2L1.2 because his conviction is not a "serious" or "violent" felony as defined by California law. He pleaded guilty to count three of an information that charged him with committing assault with a deadly weapon in violation of California Penal Code § 245(a)(1) by willfully and unlawfully assaulting the victim with a knife. *See* CAL. PENAL CODE § 245(a)(1) (2007). We have held that a conviction under this statute is categorically the enumerated crime of violence offense of aggravated assault. *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412-14 (5th Cir. 2006). Thus, he has failed to show that the district court erred, plainly or otherwise, in enhancing his sentence for a crime of violence.

Next, he contends that the district court unconstitutionally relied on facts not charged or proved beyond a reasonable doubt in finding that he had a prior conviction for a crime of violence. The district court did not commit any constitutional error; Alvarez-Mora was convicted and sentenced under the advisory sentencing regime, and the facts relied on by the district court did not increase the statutory maximum sentence. *See United States v. Thompson*, 454 F.3d 459, 467-68 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.